IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KATIE YOUNG**                                                                      **PLAINTIFF**

**V.**                                            **NO. 4:25-CV-179-DMB-DAS**

**PARCHMENT LLC**                                                **DEFENDANT**

**ORDER**

Katie Young objects to United States Magistrate Judge David A. Sanders' report recommending that her motion to proceed in forma pauperis be denied and that if she pays the filing fee, she be ordered to show cause why her complaint should not be dismissed. Because Young's objections are conclusory and the Court sees no error in Judge Sanders' recommendations, the report and recommendation will be adopted by the Court.

**I**
**Procedural History**

On October 30, 2025, Katie Young filed a pro se complaint in the United States District Court for the Northern District of Mississippi against Parchment LLC. Doc. #1. Claiming entitlement to "7 million Dollars" in money damages, Young alleges in her complaint that Parchment "violated [her] Family Educational Rights and Privacy Act (FERRA) (FERPA)" based on allegations that "[o]n September 25, 2025 Parchment LLC released [her] academic transcript without [her] consent to Mississippi Valley State University." *Id.* at 3–5, 7. The same day she filed the complaint, Young filed a pro se motion to proceed in forma pauperis without prepaying fees or costs. Doc. #2.

On November 6, 2025, United States Magistrate Judge David A. Sanders issued a report ("R&R") recommending that Young's pro se "application to proceed in forma pauperis be denied

[and s]hould [Young] choose to pay the filing fee, … she be ordered to show cause why her complaint should not be dismissed for failure to state a claim upon which relief may be granted." Doc. #4 at PageID 16 (emphasis omitted). Young timely filed "Plaintiff's Objection to Report and Recommendation." Doc. #5.

## II
## Standard

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made." "Frivolous, *conclusive* or general objections need not be considered by the district court." *Mosley v. Quarterman*, 306 Fed. App'x 40, 42 n.2 (5th Cir. 2008) (emphasis in original) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982)); *accord Scott v. Pyles*, 596 F. Supp. 3d 623, 627 (S.D. Miss. Mar. 31, 2022). "[P]lain error review applies where 'a party did not object to a magistrate judge's findings of fact, conclusions of law, or recommendation to the district court' despite being 'served with notice of the consequences of failing to object.'" *Quintero v. State of Tex. – Health and Hum. Servs. Comm'n*, No. 22-50916, 2023 WL 5236785, at *1 (5th Cir. Aug. 15, 2023) (citation omitted). "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F. Supp. 3d 944, 948 (S.D. Tex. 2017).

## III
## Discussion

In recommending Young's in forma pauperis motion be denied and that she be ordered to show cause why her complaint should not be dismissed for failure to state a claim if she pays the filing fee, the R&R reasoned that because "[e]ven assuming this were a FERPA violation, the United States Supreme Court made clear in *Gonzaga University v. Doe*, 536 U.S. 273 (2002), that

2

there is no private cause of action for a FERPA violation—neither through FERPA itself nor via 42 U.S.C. § 1983," Young did not establish under 28 U.S.C. § 1915(e)(2) that "she has not raised a frivolous or malicious claim or filed a complaint that fails to state a claim on which relief may be granted." Doc. #4 at PageID 15, 16. In objecting to the R&R, Young asserts that (1) "[she] has demonstrated financial inability to pay the filing fee, satisfying the requirements of 28 U.S.C. 1915(a);" "Parchment LLC violated her Constitutional Rights to privacy and due process under the Fourteenth Amendment when it released her academic transcript without her Consent or Authorization;" and "her claim arises not solely under FERPA, but also under the Fourteenth Amendment and state tort law principles of invasion of privacy and negligence."[1] Doc. #5 at PageID 18. Further, Young "requests leave of Court to amend her Complaint pursuant to Federal Rule of Civil Procedure 15(a) to clarify and expand upon her constitutional and privacy-based claims, and to provide additional facts demonstrating the harm and emotional distress caused by [Parchment's] actions." *Id.* at PageID 19.

Because Young's objections are all conclusory and otherwise fail to substantively address the R&R's reasoning and cited authority for its recommendations, the objections need not, and will not, be considered by the Court and thus are overruled.[2] Having overruled Young's

---

[1] No claims based on "the Fourteenth Amendment and state tort law principles of invasion of privacy and negligence" are alleged in Young's complaint.

[2] Regardless, Young's objections are properly overruled on their merits. First, the Court is not aware of any federal statute referenced by the acronym "FERRA." FERPA—the Family Educational Rights and Privacy Act—"prohibit[s] the federal funding of educational institutions that have a policy or practice of releasing education records to unauthorized persons." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 276 (2002); *see id.* at 278 ("Congress enacted FERPA under its spending power to condition the receipt of federal funds on certain requirements relating to the access and disclosure of student educational records. The Act directs the Secretary of Education to withhold federal funds from any public or private 'educational agency or institution' that fails to comply with these conditions."). But a private individual may not sue for damages under FERPA "because the relevant provisions of FERPA create no personal rights to enforce under 42 U.S.C. § 1983." *Id.* at 276; *see id.* at 287 ("[T]here is no question that FERPA's nondisclosure provisions fail to confer enforceable rights."). Given this, Young's complaint fails to raise a nonfrivolous issue so her request to proceed in forma pauperis must be denied. *See, e.g.*, *Washington v. Jackson State Univ.*, 244 F. App'x 589, 592 (5th Cir. 2007) ("Because Washington fails to show that he will raise a nonfrivolous

3

conclusory objections, the Court concludes that the R&R's recommendations are neither clearly erroneous nor contrary to law. So, the R&R will be adopted.

As to Young's request in her objections for leave to amend her complaint, such is denied as inconsistent with Local Rule 7(b)(3)[3] and otherwise fails to comply with Local Rule 15.[4]

### IV
### Conclusion

In accordance with the discussion above:

1. Young's objections [5] are **OVERRULED**.

2. The R&R [4] is **ADOPTED** as the order of the Court.

3. Young's motion to proceed in forma pauperis [2] is **DENIED**. Young must pay the filing fee no later than December 9, 2025, or her complaint will be dismissed without further notice.

4. If Young pays the filing fee on or before December 9, 2025, she is **ORDERED TO SHOW CAUSE** within seven days of her payment why this case should not be dismissed for failure to state a claim upon which relief may be granted. If Young fails to show cause by the deadline set, her complaint will be dismissed without further notice.

**SO ORDERED**, this 25th day of November, 2025.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

issue on appeal, his motion to proceed IFP is denied. The appeal is without merit and is dismissed as frivolous.") (internal citation omitted).

[3] "A response to a motion may not include a counter-motion in the same document. *Any motion must be an item docketed separately from a response.*" L.U. Civ. R. 7(b)(3)(C) (emphasis added).

[4] "If leave of court is required under FED. R. CIV. P. 15, a proposed amended pleading must be an exhibit to a motion for leave to file the pleading." L.U. Civ. R. 15. However, if Young has not served her complaint on Parchment such that the 21-day period in Federal Rule of Civil Procedure 15(a)(1) has not begun to run, the Court's leave is not required for her to amend her complaint.